# UNITED STATES DISTRICT COURT
for the
Western District of Texas
Austin Division

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 1:23-cr-155-DII |
| Michael Lozano ) | |
| *Defendant* ) | |

# ORDER OF DETENTION PENDING TRIAL

### Part I – Eligibility for Detention

On Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II – Analysis and Statement of the Reasons for Detention

_X_ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:   There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  _X_ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); or

  ☐ **(2)** an offense under 18 U.S.C. §§ 924(c).

**B. Conclusions Regarding Applicability of Any Presumption Established Above**

The presumption shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion. *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989). The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis.

### Part III – Other Reasons or Further Explanation

After considering the factors set forth in 18 U.S.C. § 3142(g); the Pretrial Services Report and Addendum, which recommend detention; and the evidence presented by both parties and arguments of counsel at the detention hearing, the Court finds that the Government has proven by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. The weight of the evidence against Defendant is strong, and Defendant's history and characteristics – particularly his past conduct and criminal record, including a history of violence and weapons use – strongly support detention. Because Defendant has not introduced sufficient evidence to rebut the presumption, his detention pending trial is required.

**Part IV – Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:   October 18, 2023

Susan Hightower
United States Magistrate Judge